# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 CR 21-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHRISTOPHER JAMES MANEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Motion to Modify Conditions of Release (#7) filed by counsel for Defendant on November 2, 2012 and a Violation Report (#8) filed in the above entitled cause on November 7, 2012 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Eric J. Foster, and the Government was present through Special Assistant United States Attorney, Jason Smith, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations in the Violation Report.

The Defendant was charged in a bill of indictment filed on October 2, 2012 with the following offenses: Count One, assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3); Count Two, knowingly and intentionally assaulting another person resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6); Count Three, knowingly and intentionally assaulting another person resulting in substantial bodily injury to an individual who had not attained the age of 16 years in violation of 18 U.S.C. § 113(a)(7); Count Four, the offense of while being a parent and providing care and supervision for a child who had not attained the age of 16 years did intentionally assault that child resulting in serious bodily injury in violation of N.C.G.S. § 14-318.4(a3) and 18 U.S.C. § 13. The undersigned conducted a detention hearing concerning Defendant on October 10, 2012. On that date, the undersigned entered an order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(8)(j) Defendant shall avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants.

(8)(s) Defendant shall participate in one of the following location monitoring program components and abide by its requirements as the pretrial

services officer or supervising officer instructs.

(ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.

On October 31, 2012 United States Probation Officer Robert Ferguson went to the residence where Defendant was residing. At that time, Officer Ferguson found that Defendant's ex-wife Kim Wright was present at Defendant's residence. Officer Ferguson then contacted the prosecuting attorney Special Assistant United States Attorney Jason Smith. Mr. Smith advised Officer Ferguson that Ms. Wright was a potential witness in the case. Lloyd Wolf, a detective with the Cherokee Police Department testified that Ms. Wright is the former wife of Defendant and on September 25, 2011 Ms. Wright had returned to Defendant's residence after she had finished work. At that time she found Defendant's four year old daughter was at home with Defendant. Ms. Wright found Defendant's daughter moaning and appeared ill. She took Defendant's daughter to a hospital. At that time, it was found the daughter had suffered a severe injury to her abdomen resulting in a loss of a portion of her intestines. Defendant's daughter, upon being interviewed, described

that Defendant had kicked her in the belly with his sandal shoes.

Officer Ferguson further testified that despite being placed upon location monitoring, Defendant was out of range on the following dates and times:

| Date | Time |
| --- | --- |
| 10/22/12 | 7:30 p.m. to 7:50 p.m. |
| 10/15/12 | 9:17 p.m. to 9:35 p.m. |
| 11/2/12 | 8:45 p.m. to 8:57 p.m. |
|  | 9:40 p.m. to 9:54 p.m. |
| 11/3/13 | 1:14 a.m. to 1:23 a.m. |
|  | 1:33 p.m. to 1:48 p.m. |
|  | 1:54 p.m. to 2:13 p.m. |
|  | 3:06 p.m. to 3:14 p.m. |
|  | 3:50 p.m. to 4:15 p.m. |
|  | 4:17 p.m. to 4:54 p.m. |
|  | 5/14 p.m. to 5:28 p.m. |
|  | 5:40 p.m. to 5:53 p.m. |

Officer Ferguson described that on October 30, 2012 Defendant had been allowed to travel to the Museum of Cherokee Indians to sell some carvings Defendant had made. Defendant was also allowed to then do his banking. Defendant was allowed to leave at 8:30 a.m., however, Defendant did not return until 12:57 p.m. When asked why it took Defendant so long to return, Defendant told Officer Ferguson he had gone to the museum and the bank, he had then went to a Lowes store and then he went to a restaurant to get something to eat. Officer Ferguson further testified that on October 31, 2012 Defendant was allowed to attend church from 6:00 p.m. to 8:00 p.m. On that date, however, Defendant did not return home until 9:35 p.m. When asked why he did

not return on time, Defendant told Officer Ferguson that Defendant's grandmother wanted to go to a funeral home to sing and Defendant went with her.

On November 3, 2012 Defendant had been allowed by Officer Ferguson to leave the home at 8:30a.m. to travel to a local market to sell some of his carvings. Instead, Defendant left at 7:27 a.m. Upon being questioned by Officer Ferguson, Defendant stated that his grandmother had called him and said that the market was busy so Defendant left before the time allocated and set for his leaving

Sam Tiger was called as a witness for Defendant. Defendant resides with Mr. Tiger and has been doing so during his period of release. Mr. Tiger testified Defendant spent a lot of time in a shed located upon Mr. Tiger's property producing wood carvings and sometimes he spent between four to five hours in the shed. The shed is located approximately 20 feet from Mr. Tiger's house and approximately 60 feet from the location monitoring equipment. Mr. Tiger further testified that Defendant, on one occasion, had left the home of Mr. Tiger and had gone with Mr. Tiger and his wife to eat supper at some relatives of Mr. Tiger who lived approximately 80 feet away from the location monitoring equipment. Officer Ferguson's testimony was that the location monitoring equipment should have been able to receive a signal from those distances.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence the Defendant has violated his conditions of release. Defendant violated condition (8)(j) of he terms of pretrial release in that he had contact with Ms. Wright who is a potential witness in the investigation of prosecution of Defendant. The Defendant has argued that Ms. Wright is not a witness, however, the undersigned respectfully disagrees. Since Ms. Wright was the first person to encounter the minor victim in this case her testimony about what she saw concerning the child will be material to either the government or to Defendant. It is clear that she is a potential

6

witness in the investigation of this case. In Defendant's motion, he seeks to be allowed to have contact with Ms. Wright but this Court cannot allow him to do so while being released on terms and conditions of pretrial release as such would provide him with an opportunity to influence a witness in this case.

There is also clear and convincing evidence that Defendant violated the terms and conditions of his release which required him to participate in the location monitoring program and abide by its requirements and be restricted to terms and conditions of home detention. Defendant repeatedly was found to be out of range by the electronic monitoring equipment. Defendant refused to comply with the directives given to him by Officer Ferguson about places he could go and where he could travel without the electronic monitoring. Defendant's actions shows that the terms and conditions of pretrial release with which he complies are those with which he wishes to comply. If Defendant does not wish to comply, then he does not do so or he follows the instructions of his grandmother and not those of the supervising probation officer. The undersigned finds that Defendant is a person who is unlikely to abide by any condition or combination of conditions of release. He has repeatedly violated the directions and instructions of Officer Ferguson.

Due to the findings made above, the Court is of the opinion that based upon Defendant's actions it is unlikely Defendant will abide by any condition or

combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant. The Court will further deny the Motion to Modify Conditions of Release (#7) of Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the Defendant be detained pending further proceedings in this matter. IT IS FURTHER **ORDERED** that the Motion to Modify Conditions of Release (#7) is hereby **DENIED**.

Signed: November 19, 2012

Dennis L. Howell
United States Magistrate Judge